## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                          **NO. 10-81**

**JOSEPH BASEL, ET AL.**                              **SECTION "K" (3)**

### ORDER

Before the Court is the Motion and Order to Terminate Probation Incorporated with Memorandum in Support [Doc. #95] filed by Robert Flanagan.  For the following reasons,

**IT IS ORDERED** that the Motion and Order to terminate Probation Incorporated with Memorandum in Support [Doc. #95] is DENIED but only at this time.

A district court may terminate a term of probation if, "after considering the factors set forth in section 3553(a) . . . it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. §3564(c).  The factors a court must consider are the same factors considered to impose a sentence. They include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission that are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission

(5) any pertinent policy statement issued by the Sentencing Commission that is in effect on the date the defendant is sentenced; or

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §3553(a); *see also United States v. Hamburger*, 414 F. Supp. 2d 219, 228 n.7 (E.D.N.Y. 2006) (listing factors).

There are few published cases in which courts have applied Section 3564(c). The Court recognizes that case law that addresses the application of  18 U.S.C. § 3583(e)(1), related to the issue of early termination of supervised release, is apposite.  The difference between probation and supervised release is that a defendant receives supervised release only after an incarcerative sentence has been served, whereas a defendant on probation has received an alternative to imprisonment.  18 U.S.C. § 3583(a);  *accord United States v. Chavez*, 204 F.3d 1305 (11th Cir. 2000).  In both instances, the Court must consider the same factors in deciding whether early termination is warranted. *See* 18 U.S.C. § 3583(e)(1). Therefore, cases concerning early termination of supervised release are instructive.

Courts generally agree that early termination is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances, such as exceptionally good behavior. *United States v. Atkin*, 2002 WL 378076 (6th Cir.  Mar. 8, 2002) (slip op.) (citing *United*

2

*States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also Karacsonyi v. United States*, 1198 WL 401273 (2d Cir. June 10, 1998)(unpublished); *United States v. Rasco*, 2000 WL 45438 (S.D.N.Y. Jan. 19, 2000); *United States v. Yung*, 1998 WL 422795 (D. Kan. June 12, 1998). Most courts that address this issue have found that compliance with the terms of supervised release and with the law alone are not enough to warrant early termination. *See, e.g., United States v. Paterno*, No. 99-cr-037, 2002 WL 1065682, *2-3 (D.N.J. (Apr. 30, 2002); *United States v. Hardesty*, 2002 WL 731705 (D. Kan. Apr. 2, 2002) (slip op.).

While the Court recognizes that Flanagan has fulfilled all of his obligations under his probation and has been a model parolee, satisfaction of one's conditions of parole is not sufficient in and of itself to terminate parole early. Considering the facts surrounding the crime to which defendant entered a guilty plea, the Court does not feel that probation should be terminated at this time. However, this Court will consider a re-urged motion in November of this year, at the 18-month point of Flanagan's probation. Moreover, the Court has learned that Flanagan's wife has completed law school and has employment in Houston, Texas. Should Flanagan wish to transfer his probation to Houston, Texas, this Court will not hesitate to entertain such a motion.

New Orleans, Louisiana, this 24th day of June, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**